UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY D. LACY,<br><br>    Petitioner,<br><br>v.<br><br>PAUL MYAMOTO,<br><br>    Respondent. | Case No. 20-cv-03036-HSG<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2, 9 |

Petitioner, a state prisoner incarcerated at San Francisco County Jail, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Marin County Superior Court. Dkt. No. 1 at 1. His request to proceed *in forma pauperis* is GRANTED. Dkt. No. 2.

**BACKGROUND**

Petitioner was convicted by a Marin County jury of robbery (Cal. Penal Code § 211). Dkt. No. 1 at 2. In February 2016, petitioner was sentenced to 105 years to life. Dkt. No. 1 at 1. In 2016, the state appellate court affirmed the conviction and sentence. Dkt. No. 1 at 3. In 2018, the California Supreme Court denied the petition for review. Dkt. No. 1 at 3. Petitioner reports that he has not previously filed any other petitions with respect to this conviction in any court, state or federal. Dkt. No. 1 at 3. The instant petition was signed by petitioner on March 16, 2020; sent by Prisoner Legal Services to the Court on or about April 24, 2020, and received by this Court on April 27, 2020. Dkt. No. 1-1 and Dkt. No. 1-2.

**DISCUSSION**

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Claims**

Petitioner alleges the following grounds for federal habeas relief: (1) the trial court erred in admitting petitioner's statements that were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 471 (1966), and *Edwards v. Arizona*, 451 U.S. 477, 481-82 (1981); and (2) the trial court erred in admitting evidence of petitioner's prior crimes. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.[1]  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**C.   Proper Respondent**

Petitioner has named both Sheriff Paul Miyamoto and Attorney General Xavier Becerra as respondents. There is generally only one proper respondent to a given petitioner's habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). When the habeas challenge is to present physical confinement and the petitioner is held within the United States, the default rule is that the proper respondent is the petitioner's "immediate custodian," usually the warden of the facility where the petitioner is held. *Id.* at 433-36; *see also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (proper respondent in federal habeas action is petitioner's immediate custodian, which is defined as person having day-to-day control over petitioner and the only person who can produce "the body" of petitioner). Sheriff Miyamoto is therefore the only proper respondent in this action. The Court DISMISSES Attorney General Xavier Becerra from this action.

---

[1] It appears that this petition may be barred by the one-year statute of limitations set forth in the Anti-Terrorism and Death Penalty Act ("AEDPA"). *See* 28 U.S.C. 2244(d). According to the petition, the California Supreme Court denied review in 2018. Dkt. No. 1 at 3. The instant petition was placed in the mail on or about April 24, 2020. Dkt. No. 1-1 and Dkt. No. 1-2.

**D.     Request for Appointment of Counsel**

Petitioner has requested appointment of counsel. Dkt. No. 9. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196.

Petitioner has proffered no reasons why he requires appointment of counsel and the record does not indicate that justice requires the appointment of counsel. The Court exercises its discretion and DENIES petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so require.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court orders as follows.

1.     The Court DISMISSES Attorney General Xavier Becerra from this action. The Clerk is directed to correct the spelling of respondent's name in the docket from Myamoto to Miyamoto.

2.     Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 2.

3.     Petitioner's request for appointment of counsel is DENIED. Dkt. No. 9.

4.     The Clerk shall serve electronically a copy of this order upon the respondent and

the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California at Dkt. No. 1. The Clerk shall serve by mail a copy of this order on petitioner.

5.  Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

6.  Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

7.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

8.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

//

//

This order terminates Dkt. Nos. 2, 9.

**IT IS SO ORDERED.**

Dated: 7/2/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge