UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY D. LACY,<br>　　　　Petitioner,<br>　　v.<br>PAUL MIYAMOTO,<br>　　　　Respondent. | Case No. 20-cv-03036-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING REQUEST FOR STAY; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 11, 19 |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is Respondent's motion to dismiss the petition due to ongoing state court proceedings. Dkt. No. 11. Petitioner has filed an opposition, Dkt. No. 14, and Respondent has filed a reply, Dkt. No. 18. For the reasons set forth below, the Court GRANTS the motion to dismiss.

**BACKGROUND**

In January 2013, a Marin County Superior Court jury found petitioner guilty of six counts of robbery arising from robberies at three bank branches (Cal. Penal Code § 211); and found true that Petitioner had two prior strike convictions, two five-year serious felony prior convictions, and four prior prison terms (Cal. Penal Code §§ 667(b)-(i); 1170.12, 667(a), 667.5(b)). The trial court sentenced Petitioner to 105 years to life. Dkt. No. 11-1 at 3-4.

On October 18, 2018, the California Court of Appeal affirmed the judgment in an unpublished opinion. Dkt. No. 11-1 at 1-19. On November 1, 2018, Petitioner filed a petition for rehearing. Dkt. No. 11-1 at 20-32. On November 16, 2018, the California Court of Appeal issued an order modifying the opinion and changing the judgment to remand the case to allow the trial court to exercise its discretion to consider whether to strike the enhancements for the serious

felony convictions after January 1, 2019, the effective date of the amendments to Cal. Penal Code §§ 667(a), 1385(b). Dkt. No. 11-1 at 51-52. On January 30, 2019, the California Supreme Court denied review. Dkt. No. 11-1 at 54.

Petitioner has agreed to waive his right to personal presence at the resentencing hearing in Marin County. Dkt. No. 14 at 6-7. As of November 23, 2020, Petitioner's resentencing had not yet been scheduled. Dkt. No. 18 at 2.[1]

**DISCUSSION**

Respondent argues that the Court must dismiss this petition pursuant to the *Younger* abstention principle. Respondent argues that Petitioner's judgment of conviction is not yet final because the resentencing hearing will result in a new judgment, citing to *Magwood v. Patterson*, 561 U.S. 320 338-39 (2010),and *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012); that Petitioner's appeal of his resentencing is an ongoing state court criminal proceeding that implicates important state interests; that Petitioner will have a chance to raise constitutional challenges in state court; and that the relief requested in this action would have the practical effect of enjoining the ongoing state court proceedings. Dkt. No. 11. Respondent notes that there is no showing of bad faith, harassment, or extraordinary circumstances that would counsel against *Younger* abstention. Dkt. No 11.

In response, Petitioner argues that the petition should not be dismissed for the following reasons.

First, Petitioner argues that his statements to law enforcement officers during the interrogation were involuntary and inadmissible because they were the result of a clearly implied promise of leniency or advantage, and that the failure to suppress these statements violated his state and federal constitutional rights, as set forth in *People v. Perez*, 243 Cal. App. 4th 863 (Cal. App. 2016), *Edwards v. Arizona*, 451 U.S. 477 (1981), and *Miranda v. Arizona*, 384 U.S. 436 (1966). Dkt. No. 14 at 2-5.

Second, Petitioner argues that the resentencing only deals with whether or not the trial

---

[1] The next calendar date for Petitioner's underlying criminal conviction is a February 5, 2021 status conference. Dkt. No. 18 at 2.

1    court judge wishes to use his discretion to strike the enhancements. Dkt. No. 14 at 6.

2    Third, Petitioner urges the Court to follow Justice Douglas' dissenting opinion in *Younger v. Harris*, 401 U.S. 37 (1971), and decline to abstain on the grounds that the resentencing is a vague and overly broad proceeding since whether the trial court strikes the enhancement is entirely discretionary. Dkt. No. 14 at 6.

Fourth, Petitioner argues that his opportunity to raise his constitutional challenges in state court is illusory because his constitutional challenges will be heard by the same judge who committed the constitutional errors and with whom Petitioner argued at sentencing. Dkt. No.14 at 6-7.

## I.    Standard

The *Younger* abstention principle provides that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

## II.   Analysis

The Court agrees that *Younger* abstention is appropriate here.

First, state proceedings are ongoing. State proceedings are ongoing if they are initiated before any proceedings of substance on the merits have taken place in federal court. *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Huffman v.*

1  *Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975); *Dubinka v. Judges of the Sup. Ct.*, 23 F.3d 218, 223
2  (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court
3  proceedings still considered pending). On February 7, 2019, the state court proceedings were
4  remanded by the California Court of Appeal to allow the trial court to exercise its discretion and
5  consider whether to strike several priors. Dkt. No. 11-1 at 56. The Marin County resentencing is
6  still pending final adjudication. Dkt. No. 11-1 at 58.

7  Second, state criminal proceedings implicate important state interests. *See Kelly v.
8  Robinson*, 479 U.S. 36, 49 (1986) ("states' interest in administering their criminal justice systems
9  free from federal interference is one of the most powerful of the considerations that should
10 influence a court considering equitable types of relief") (holding that federal bankruptcy court
11 should not invalidate results of state criminal proceedings).

12 Third, the state proceedings afford Petitioner adequate opportunity to raise the
13 constitutional issues in that he is not precluded from raising the same challenges to the judgement
14 arising out of his resentencing that he raised to challenge the original judgment or that he has
15 raised here.

16 Finally, the practical effect of granting habeas relief in this action would interfere with the
17 ongoing state court proceedings in that it would imply the invalidity of the conviction and require
18 this Court to make findings about whether the underlying trial violated Petitioner's constitutional
19 rights. *See also Phillips v. Neuschmid*, C No. 19-cv-03225 RGK, 2019 WL 6312573, at *2 (C.D.
20 Cal. Oct. 18, 2019) (listing cases where federal courts abstained under *Younger* because of
21 ongoing resentencing proceedings in state court).

22 Petitioner's arguments misunderstand the basis for Respondent's motion to dismiss. A
23 dismissal of the instant habeas petition due to ongoing state proceedings is a dismissal without
24 prejudice to Petitioner filing a new petition when all state court proceedings arising out of the
25 resentencing are concluded. The merits of Petitioner's claim that his statements to law
26 enforcement should have been suppressed are not at issue, and do not counsel against *Younger*
27 abstention. Nor does the fact that the resentencing proceeding only deals with Petitioner's
28 sentence, and not with the validity of his conviction, counsel against *Younger* abstention. It is the

fact that state court proceedings are ongoing, regardless of the scope of the state court proceedings, that requires the Court to abstain. Petitioner's reliance on Justice Douglas' dissenting opinion in *Younger v. Harris*, 401 U.S. 37 (1971), is misplaced.[2] A dissenting opinion is not controlling law. This Court must follow the legal principles set forth in majority Supreme Court's opinions. Finally, Petitioner's claim that his constitutional challenges to his conviction cannot receive a fair hearing in the state courts is speculative. Petitioner may raise these claims on appeal to the California Court of Appeals and in a petition for review to the California Supreme Court.

Because *Younger* abstention is appropriate, Respondent's motion to dismiss the instant petition due to ongoing state court proceedings is GRANTED. Dkt. No. 11. The dismissal is without prejudice to petitioner filing a new petition when all state court proceedings arising out of the resentencing are concluded. Petitioner is cautioned that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Once the state court proceedings are concluded, Petitioner should not delay in returning to federal court with any new petition.

## III.    Request for Stay

Petitioner has recently filed a letter requesting that the Court stay this action, in lieu of dismissal, until the resentencing proceedings in Marin Court are concluded. Dkt. No. 19. Petitioner states that he has been informed that the resentencing should take place in January or February 2021. Dkt. No. 19. Petitioner's request for stay is DENIED. The judgment challenged by Petitioner in the instant action is not a final judgment. Petitioner's resentencing will result in a new judgment, and it is the judgment arising out of the resentencing that Petitioner should

---

[2] Moreover, Justice Douglas's dissent in *Younger* does not support Plaintiff's claim. Justice Douglas discussed an exception to the general rule that federal courts should not interfere with state criminal prosecutions, namely that "[a]llegations of a prosecution or harassment under facially unconstitutional states should be sufficient for the exercise of federal equity powers," and discussing specifically overbroad state statutes that have a chilling effect upon the exercise of First Amendment rights caused by state prosecutions. *Younger*, 401 U.S. at 65 (Douglas, dissent). Here, there is no allegation that Senate Bill 1393, which amended Cal. Penal Code § 667 and § 1385 to give trial courts discretion to strike prior serious felony enhancements, is facially unconstitutional.

challenge in any renewed habeas petition.

## IV.     Certificate of Appealability

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss the instant petition due to ongoing state court proceedings is GRANTED.  Dkt. No. 11.  The instant petition is DISMISSED without prejudice to filing a new petition when all state court proceedings arising out of the resentencing are concluded, and a certificate of appealability is DENIED.  Petitioner is cautioned that there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d).  Once the state court proceedings are concluded, Petitioner should not delay in returning to federal court with any new petition.  Petitioner's request for a stay is DENIED.  Dkt. No. 19.

The Clerk shall enter judgment in favor of Respondent and against Petitioner, and close the case.  All pending motions are denied as moot.

This order terminates Dkt. Nos. 11 and 19.

**IT IS SO ORDERED.**

Dated: 1/4/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge